UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTEN J. RAMIREZ, | ) | Case No.: 1:19 CV 653 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDESHAWN HARRIS, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Christin Ramirez's ("Petitioner" or "Ramirez") Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to Magistrate Judge Jonathan Greenberg ("Magistrate Judge" or "Judge Greenberg") for a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Greenberg's R & R that the Petition be denied in its entirety.

On March 25, 2019, Ramirez filed the Petition challenging his conviction and sentence in state court for aggravated murder, kidnapping, aggravated burglary, robbery, aggravated robbery, tampering with evidence, injuring animals, and firearm and repeat violent offender specifications. (R & R at PageID #4559–60, ECF No. 18.) As a result of the conviction, the trial court sentenced Ramirez to life in prison without the possibility of parole, alongside additional consecutive sentences. (*Id.* at PageID #4560–61.) The Petition asserts the following seven grounds for relief and supporting facts:

| | |
|---|---|
| GROUND ONE: | Petitioner was denied a fair trial and due process when his two separate cases were joined in one trial. |
| Supporting facts: | Petitioner was charged with crimes in two separate indictments. The cases were unrelated. The charges in the first case were related to aggravated murder, while the second case involved aggravated burglary and robbery charges. The severity of the offenses, with the cases being violent offenses, prejudiced Petitioner causing the jury to lose its way. There were no witnesses who testified that testified in both cases, there were no shared victims, and no shared modus operandi. The joinder of the cases resulted prejudice and the denial of a fair trial. |
| GROUND TWO: | Petitioner was denied a fair trial and due process of law when he was forced to defend himself at trial with a codefendant in both cases, resulting in the joinder of no less than four cases at one trial. |
| Supporting facts: | Petitioner was forced to go to trial for two cases under two unrelated indictments. A co-defendant was also charged with the same crimes. The four indictments were joined into one trial. Petitioner and his co-defendant were found guilty on all counts due to the jury having lost its way by being overwhelmed with multiple and incongruous theories of guilt for both men. The joinder prevented the jury from assessing the evidence fairly and impartially, denying Petitioner a fair trial as constitutionally required. |
| GROUND THREE: | The Petitioner was denied due process of law when the trial court denied his motion for new trial under *Bruton v. U.S.*, 391 U.S. 123. |
| Supporting facts: | Petitioner was forced to go to trial with his co-defendant. Statements were made at trial related by Petitioner's co-defendant that were prejudicial. A witness at trial improperly and prejudicially implicated Petitioner's involvement as related to his co-defendant's comments. Petitioner was deprived of his right to a fair trial when the trial court denied the immediate motion for mistrial. |
| GROUND FOUR: | Petitioner was denied due process and a fair trial when his trial court permitted an improper in-court identification over objection from certain witnesses identifying Petitioner related to the crime. |
| Supporting facts: | Petitioner filed a motion in limine requesting prohibition of certain witnesses from providing identification of Petitioner during trial. The motion was denied. No evidence was ever presented of pretrial identification by any witness. The identifications were consistent with vouching and the error was not cured by the cross-examination at trial. First time in-court identifications are unduly suggestive and |

|                  | prejudiced Petitioner, preventing him from receiving a fair trial. |
|------------------|---|
| GROUND FIVE:     | Petitioner was denied due process when his trial court failed to suppress evidence obtained from a vehicle pursuant to an improperly issued or invalid search warrant under the Fourth Amendment to the U.S. Constitution. |
| Supporting facts: | Evidence was obtained from a vehicle that was towed without a warrant. When a warrant was eventually obtained, the initial detective who towed the vehicle was not the person who testified at the warrant hearing, and had no personal knowledge of the information used to obtain the warrants. The warrants were invalid and the evidence obtained therefrom was fruit of the poisonous tree. The trial court improperly denied Petitioner's motion to suppress evidence, depriving him of due process. The evidence that was obtained from the illegal entry into the vehicle should not have been permitted to be used at trial. |
| GROUND SIX:      | Petitioner was denied due process when the trial court failed to provide proper instructions to the jury related to factors regarding eyewitness testimony. |
| Supporting facts: | Petitioner provided the trial court with proper instructions regarding eyewitness testimony to be used at his trial. The instructions were compliant with the holding of the Supreme Court and were both reasonable and applicable. The instructions provided by the trial court provided no indicia of reliability and prejudiced the Petitioner via the denial of due process. |
| GROUND SEVEN:    | Petitioner was denied due of law as he did not receive the effective assistance of counsel on appeal in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution. |
| Supporting facts: | On appeal, Petitioner's counsel was ineffective for a multitude of reasons. These reasons included the failure to argue that phone records were not authenticated and the custodian not confronted; the failure to effectively argue against improper in-count identifications, prejudicial joinder, the admission of illegally obtained evidence, and the improper stacking of inferences used to obtain Petitioner's convictions, the use of improper and prejudicial jury instructions and the omission of proper instructions, and the admission of misleading and prejudicial evidence regarding a weapon. Petitioner suffered prejudice, as the errors were not harmless. |

(Pet. at PageID #5–15, ECF No. 1.) Respondent Warden Brandeshawn Harris ("Respondent") filed

a Return of Writ on July 26, 2019, and Ramirez filed a Traverse on December 2, 2019. (ECF Nos. 9, 15.) On December 10, 2019, Respondent filed a Sur-Reply, arguing that Ramirez had raised new issues in his Traverse that Respondent did not address in his Return of Writ. (ECF No. 16.) Ramirez filed a Response to the Sur-Reply on December 26, 2019. (ECF No. 17.)

Judge Greenberg submitted his R & R on October 30, 2020, recommending that the court deny and dismiss the Petition in its entirety. The R & R "recommends that grounds one through six of Ramirez's habeas petition be DISMISSED on the grounds of procedural default," and that ground seven, asserting ineffective assistance of appellate counsel, be dismissed on the merits. (R & R at PageID #4574, ECF No. 18; *id.* at PageID #4583–98.) Ramirez sought additional time to file an objection to the R & R, citing limited access to his prison's legal library and other restrictions caused by the ongoing COVID-19 health crisis. (ECF No. 19.) The court initially gave Ramirez until December 15, 2020, but later extended the deadline to January 15, 2021, at Ramirez's request. (*See* ECF No. 20.)

On December 17, 2020, Ramirez filed an Objection to Judge Greenberg's R & R. (ECF No. 21.) However, the Objection does not raise any new arguments, nor does it identify any error in the R & R's factual findings or legal conclusions. Ramirez instead reiterates the arguments he raised in his Petition and Traverse. An objection that summarizes what has already been presented, or merely states a disagreement with a magistrate's conclusion, is not an objection. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

After careful *de novo* review of the R & R, Ramirez's Objection, and all other relevant documents in the record, the court finds that Judge Greenberg's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Ramirez has not established a violation of his federal rights. Accordingly, the court adopts the R & R

-4-

-5-

in its entirety and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

                                                  */s/ SOLOMON OLIVER, JR.*
                                                  UNITED STATES DISTRICT JUDGE

December 30, 2020